Johnson, J.
The bond set out in the pleadings is made payable to the President and Directors of the South Carolina Insurance Company, and the averment in the defendant’s first plea is, that the company or corporation thus designated are not the plaintiffs. This averment is admitted by the demurrer, and it follows necessarily that the demurrer ought not to have been sustained; I am not, however, to be understood as ad. *591 vanciner the opinion that the plaintiffs could not have mam-tamed an action on this bond; on the contrary, 1 am disposed to think that if there had been suitable averments in the declaration, shovying that the plaintiffs were intended to be designated by the description in the bond, or if, instead of demurring, the plaintiff had replied that fact, the action might have been supported. But it is unnecessary to decide this question as the motion of the defendant must succeed on the second ground, which is decisive of the case.
That the bond given by the defendant did not cover his defalcation beyond the term for which he had been elected, is a proposition which is not now debateable. The principle was very clearly settled in the case of The Commissioners of Public Accounts v. Greenwood, 1 Eq. Rep. 450, where one Boquet, having been elected State Treasurer for one year, gave a bond for the faithful discharge of the duties of the office, and was subsequently re-elected and continued in the- office, without giving any other bond. In an action on the bond against the defendants, his sureties, for a defalcation subsequent to the period for which he was first elected, it was held that they were not liable. And still more precisely analogous is the case of The South Carolina Society v. Johnson, 1 M’Cord, 41. According to the bye-laws of the Society, the treasurer was to be elected annually, and Trezevant having been elected to fill a vacancy occasioned by the death of the incumbent, Johnson, the defendant, became his surety. He was afterwards elected to the same office for several years in succession. On the investigation.of his accounts, it was found that he was a defaulter at a period subsequent to the expiration» of the time for which he was first elected, and it was held that the defendant was not liable.
The defendant in his second plea avers, that during the period for which he was first elected, he discharged all the duties imposed on him by the condition of the bond, and this fact is admitted by the demurrer; he was not therefore liable on the bond.
It is therefore ordered, that the judgement of the Circuit Court be set aside, and that judgement for the defendant be entered on the demurrer.
O’Neall and Harper, Js. concurred.